# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

Tamara L. Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

January 7, 2025

Hon. Robyn F. Tarnofsky
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: <u>United States v. Valkar Singh</u>
          24-MJ-4316 (UA)

Dear Judge Tarnofsky:

      I write to reply to the government's opposition papers, in which it opposes allowing Mr. Singh to relocate to live with his mother and adult son in New York.

      Initially, the government claims there are no space concerns at Mr. Singh's current address, where he is residing with his cousin. This is simply not the case. Mr. Singh's cousin's home is a three-bedroom property. When Mr. Singh was released, Mr. Singh's cousin was kind enough to allow Mr. Singh to use one of the bedrooms. Currently, the cousin's grandfather and son share one bedroom; the cousin's wife and daughter share another; and the cousin is sleeping on the couch.

      Second, the government asserts that Mr. Singh's mother and son will only offer "moral support" but not be financially responsible for Mr. Singh's appearance. It is not clear why this argument is relevant to his living situation. The government has approved Mr. Singh's co-signers, and since his mother and son are Canadian, the government would not do so even if they were offered. In any event, the Court has the authority to order that Mr. Singh's mother be a co-signer for moral suasion, an option to which Mr. Singh is not opposed.

      Third, the government implies that Mr. Singh wishes to use this relocation as a ruse to flee to Canada. That assertion border on absurd. Mr. Singh has two relatives who are co-signers to a $50,000 bond. His mother and adult son are relocating to the United States to live with him, and are paying thousands of dollars for a rental property that they have the option to continue to renew monthly as long as this case may go on. He has been fully compliant with location monitoring for nearly a month. And Pretrial Services actually recommended that he be permitted to return to Canada during the pendency of this case at the presentment, but Mr. Singh instead agreed to remain in the United States rather than making that application. He is not a flight risk to Canada in the slightest.

      Mr. Singh is not requesting any substantive change to his release conditions, which require him to be on home confinement. He is merely asking to be permitted to move out of a three-bedroom home in which there is not enough space for his cousin to continue housing him, in order

to live with his mother and adult son, whose moral support will be critical to helping him navigate the stress of his first ever criminal case. The Court should grant the modification.

Sincerely,

Michael Arthus
Assistant Federal Defender
212-417-8760

cc. (by email): AUSAs Justin Horton and William Kinder